Troy D. Monge, Esq.
Law Offices of Martin Taller, APC
2300 E. Katella Ave., Suite 440
ANAHEIM, CALIFORNIA 92806
TELEPHONE (714) 385-8100
e-mail: troymonge@hotmail.com

Attorney Bar #217035 - Troy D. Monge

Attorney for Plaintiff Norma Franchina

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA FRANCHINA<br><br>    Plaintiff,<br><br>-vs-<br><br>HOAG Memorial Hospital Presbyterian/CIGNA Group Insurance, Policy Number FLK0960425, an ERISA Plan; Life Insurance Company of North America<br><br>    Defendants. | Case No.  2:19-cv-4273<br><br>COMPLAINT - BREACH OF CONTRACT AND CLAIM FOR BENEFITS UNDER ERISA PLAN PURSUANT TO 29 U.S.C. SECTIONS 1001 ET SEQ. |

NORMA FRANCHINA alleges:

## FIRST CAUSE OF ACTION

**Breach of Contract and Claim Under**

**ERISA for Recovery of Benefits**

1. This action arises under an employee benefit plan subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 et seq. (hereinafter referred to as "ERISA"). The jurisdiction to review the case is herein specifically conferred on this Court by 29 U.S.C. Section 1132(e)(1).

2. Plaintiff NORMA FRANCHINA was provided coverage by her employer, HOAG MEMORIAL HOSPITAL PRESBYTERIAN/CIGNA, for Long Term

Disability benefits (hereinafter "LTD") under a group plan that constitutes an Employee Welfare Benefit Plan under ERISA. This Employee Welfare Plan is believed to be named HOAG MEMORIAL HOSPITAL PRESBYTERIAN/CIGNA GROUP INSURANCE Long-Term Disability Plan Group Policy Number FLK0960425 and is named as a defendant. This defendant is hereinafter referred to as "PLAN," "THE PLAN," or "LTD PLAN." Plaintiff, NORMA FRANCHINA, (hereinafter "FRANCHINA") sues the defendant PLAN under the authority of 29 U.S.C. Sections 1132(a)(1)(B) and (a)(3) for a determination regarding her entitlement to LTD benefits, including past benefits, and to clarify her right to current and future benefits.

3. Defendant CIGNA GROUP INSURANCE (hereinafter "CIGNA") acted as the Administrator in fact by making the relevant decisions regarding Plaintiff's claims. Defendant CIGNA is sued under the authority of 29 U.S.C. Section 1132 (a)(1)(B) and (a)(3). Furthermore, CIGNA is a profit-oriented insurance company with a monetary interest in denying FRANCHINA's claim.

4. At all times herein mentioned, each defendant was the agent and employee of each of the remaining defendants, and was acting within the purpose and scope of that agency and employment, and each defendant ratified and approved the acts of said agent.

5. FRANCHINA, who was born on November 4, 1960, is a resident of the County of Orange, California, and was employed by HOAG MEMORIAL HOSPITAL PRESBYTERIAN when she ceased full-time work due to her impairments.

6. During the course of said employment and at the time she ceased active full-time employment, FRANCHINA was covered by a LTD Plan, described above as the defendant PLAN. FRANCHINA accepted her employer's offer to be covered under the PLAN. FRANCHINA paid all or part of the premiums for such coverage. FRANCHINA has performed all of the obligations imposed upon her under the

terms set forth in the PLAN.

7. On or about July 14, 2016, FRANCHINA applied for LTD benefits with CIGNA. Benefits were paid under the "own" occupation definition of disability. Benefits were later denied under the "any" occupation definition of disability. After several appeals and denials, CIGNA issued a final determination on December 3, 2018 denying benefits.

8. In denying benefits CIGNA acted on behalf of the co-defendant PLAN and breached the contractual agreement to pay LTD disability benefits to FRANCHINA upon presentation of proof of her entitlement.

9. The decision to terminate her LTD benefits resulted in a breach of the contractual obligations owed to FRANCHINA by Defendants under the provisions of the PLAN. FRANCHINA has and will continue to sustain damages from the loss of these disability benefits from July 14, 2016, and continuing.

10. FRANCHINA exhausted her administrative remedies by submitting the required proof of disability under the provisions of the PLAN and by requesting that defendant CIGNA review its termination decision, reverse such termination and approve FRANCHINA's claim for ongoing LTD benefits.

11. An actual controversy has arisen and now exists between FRANCHINA and Defendants concerning FRANCHINA's rights under the PLAN in that Defendants dispute FRANCHINA's entitlement to LTD disability benefits from July 14, 2016, and continuing.

12. FRANCHINA desires a judicial determination finding her entitled to recover accrued LTD benefits and other benefits under the PLAN, and a declaration as to the LTD benefits due FRANCHINA in the future. A judicial determination is necessary and appropriate at this time in order to ascertain FRANCHINA's damages and her rights.

13. FRANCHINA therefore requests this Court to review the administrative record and make a *de novo* decision as to the merits of her claim. The PLAN should

be found not include unambiguous discretionary language, and therefore, a *de novo* standard of review is warranted.

14. Additionally, CIGNA, acting as a fiduciary and agent for the PLAN, failed to act in a fiduciary capacity and instead acted in its own profit-motivated, self-interest in denying continuation of FRANCHINA's LTD benefits and committed procedural and substantive irregularities in reaching its denial decisions, thereby demonstrating bias against FRANCHINA's claim. Because of this conflict of interest and CIGNA's conduct, the decision to deny benefits to FRANCHINA should be scrutinized by this court under a *de novo* standard of review.

15. Plaintiff FRANCHINA is also entitled to attorney fees under 29 U.S.C. Section 1132 (g) in the event she prevails on this claim.

**WHEREFORE,** Plaintiff, FRANCHINA, prays judgment against all defendants, as follows:

1. Damages for loss of benefits under the disability insurance benefits contract also referred to as the PLAN in a sum to be established according to proof;

2. Damages for loss of other employment-related benefits;

3. Prejudgment interest on all unpaid disability insurance benefits;

4. For a declaration by the Court of the rights and duties of the parties herein under the disability benefit provisions of the PLAN regarding past and future LTD benefits;

5. For reasonable attorney fees pursuant to 29 U.S.C. section 1132(g);

6. For costs of suit incurred herein;

7. For such other relief as the Court deems just and proper.

DATED: May 9, 2019

LAW OFFICES OF
MARTIN TALLER

_____
TROY D. MONGE
Attorney for Plaintiff, Norma Franchina